944 F.2d 912
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re PPG INDUSTRIES, INC., Petitioner.
 Misc. No. 308.
 United States Court of Appeals, Federal Circuit.
 Aug. 2, 1991.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 PPG Industries, Inc. (PPG) petitions for writ of mandamus directing the United States District Court for the Northern District of Illinois to vacate its June 4, 1991, order denying PPG's motion for entry of a protective order that permits PPG's inhouse counsel access to confidential information. Libbey-Owens-Ford Company (Libbey) opposes the petition. The American Corporate Counsel Association (ACCA) moves for leave to file an amicus curiae response in support of PPG's petition, with amicus response attached. Libbey submits a provisional reply opposing ACCA's amicus brief. PPG moves for leave to file a reply, with reply attached. Libbey opposes PPG's motion for leave.
 
 
 2
 This matter stems from PPG's patent infringement suit against Libbey. Because both parties requested discovery of confidential information, they negotiated a protective order. They agreed on all matters but one: whether PPG's Associate Corporate Patent Counsel should have access to all confidential information produced under a protective order.
 
 
 3
 On April 9, 1991, the magistrate, relying on Amstead Industries, Inc. v. National Castings, Inc., 1988 WL 90022, 1988 U.S.Dist. LEXIS 9413 (N.D.Ill.1988), denied PPG's motion to have its protective order accepted. She observed
 
 
 4
 that as a general matter, it is preferable to restrict access to highly confidential competitive and trade secret information to outside counsel and experts. Regardless of an occasional statement of some courts to the contrary, house counsel are subject to pressures different from those which outside counsel face, if only that their own economic well-being is inextricably bound up with their employer's. Moreover, house counsel frequently interact with their non-lawyer corporate peers and superiors in settings outside the litigation context where their sensitivity to their separate roles may be relaxed and their opinions on non-litigation matters solicited. And, while it may appear that Mr. Levin's current responsibilities do not involve him in situations where the information to which he is exposed in this lawsuit might be relevant to other responsibilities, his position has been different in the past and may be different in the future.
 
 
 5
 On June 4, 1991, the district court adopted the magistrate's ruling as its own. Neither it nor the magistrate discussed the apparent conflict between the ruling and the reasoning underlying our United States Steel Corp. v. United States, 730 F.2d 1465 (Fed.Cir.1984), and Matsushita Elec. Indus. Co., Ltd. v. United States, 929 F.2d 1577 (Fed.Cir.1991), decisions.
 
 
 6
 We need not resolve the conflict now. Because we lack the authority to review the court's ruling, we decline to address its merits. The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. Will v. United States, 389 U.S. 90, 95 (1967). Under the All Writs Act, we may issue a writ of mandamus only when "necessary or appropriate in aid of [our] jurisdiction." 28 U.S.C. § 1651(a). We do not in this context enjoy the same authority exercised on direct appeal from a final judgment--to modify, vacate, set aside, or reverse an order of a district court upon a showing of simple error. Issuing a writ of mandamus upon a similar showing "would undermine the settled limitations upon the power of an appellate court to review interlocutory orders." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980).
 
 
 7
 A litigant is free to seek review of the propriety of a discovery ruling on appeal after final judgment; consequently, a trial court's ruling on a discovery matter will rarely justify issuance of a writ. Allied, 449 U.S. at 36. Even assuming the district court's ruling here was in error, PPG, if appropriate, may challenge it on appeal after final judgment. PPG has not shown that the situation is so "extraordinary" as to justify our immediate interference with an ongoing proceeding.
 
 Accordingly, IT IS ORDERED THAT:
 
 8
 (1) PPG's petition for writ of mandamus is denied.
 
 
 9
 (2) ACCA's motion for leave to file an amicus response is granted.
 
 
 10
 (3) The remaining motions for leave to file replies are denied.